OPINION
{¶ 1} Defendant-Appellant, Craig W. Bell, appeals a judgment of the Hancock County Court of Common Pleas, granting Plaintiff-Appellee's, Diane M. Bell, motion to clarify their previously filed divorce decree. Craig maintains that the trial court lacked jurisdiction to grant such a motion.
 {¶ 2} After reviewing the entire record, we find that the trial court acted within its jurisdiction and did not abuse its discretion when it interpreted an ambiguous portion of the divorce decree. Accordingly, the judgment of the trial court is affirmed, and both of Craig's assignments of error are overruled.
 {¶ 3} Diane and Craig were married in 1973. In June of 1998, Diane filed a petition for divorce, and the issue was brought before a Hancock County Magistrate for a hearing. After several continuances, the final evidentiary hearing was held on February 2, 2001. Thereafter, the magistrate filed his decision, and Craig filed objections to the decision. After considering the magistrate's decision and Craig's objections, the trial court issued its own decision, sustaining in part and overruling in part the magistrate's decision. The final divorce decree was filed by the trial court on April 2, 2002. Craig then appealed the trial court's judgment to this Court. In Bell v. Bell, 3rd Dist. No. 5-02-25, 2002-Ohio-5367 ("Bell I"), we overruled all five of Craig's assignments of error and affirmed the decision of the trial court.
 {¶ 4} Subsequent to our holding in Bell I, Diane filed a motion requesting clarification and enforcement of the divorce decree. The following are the portions of the divorce that are pertinent to Diane's motion:
4. As of January 2001, the balance on the note due Plaintiff from BellSecurity Service, Inc. was $31,625.99. As this is a marital asset,Plaintiff's remaining interest in the note of $15,813.00 shall becredited against the Defendant's interest in the Plaintiff's STRSbenefits. Plaintiff shall transfer the note to Defendant and Defendantshall receive the remaining payments due thereunder.
* * *
7. Plaintiff shall quit-claim to Defendant the real estate located atTownship Road 51 in Mt. Cory, Ohio within fourteen (14) days of thefile-stamped date on this Judgment Entry. Defendant shall be responsiblefor any obligations associated with the property and shall hold Plaintiffharmless from any debt associated with said property. Further, Defendantshall either sell or refinance same within six (6) months so as to removePlaintiff fully from any obligations related to the property. As ofJanuary 2001, equity in the property is $31,038.00. Plaintiff's equityinterest of $15,519.00 shall be credited against Defendant's interest inPlaintiff's STRS pension. In addition, Plaintiff shall receive a creditin the amount of $19,834.76 as a result of the monies she has paid sincethe separation of the parties in June 1997 for the care and maintenance,mortgage, insurance and tax payments. Said credit shall be offset againstDefendant's interest in Plaintiff's STRS pension.
 {¶ 5} The purpose of Diane's motion for clarification was to have the court determine whether the divorce decree had taken into account the fourteen months between the final evidentiary hearing and the filing of the decree. This motion became necessary because during the period of time between the final evidentiary hearing on February 2, 2001, and the filing of the divorce decree on April 2, 2002, both Craig and Diane were maintaining the status quo that had existed prior to the divorce hearings. Accordingly, Diane was solely responsible for all of the maintenance, mortgage, insurance and tax costs associated with the family home until March of 2002. Between February of 2001 and March of 2002, she spent a total of $10,392.03 on upkeep of the property. Likewise, Diane had received all of the payments from the promissory note from February of 2001 until September of 2001. During this period of time, she collected a total of $9,394.08 in payments from the note.
 {¶ 6} In her motion for clarification, Diane maintained that the divorce decree had retroactively awarded Craig all of the promissory note payments starting in February of 2001. This would include the $9,394.08 Diane had received from the promissory note between February of 2001 and September of 2001 while the parties were awaiting the final divorce decree. She also contended that the decree retroactively awarded her the $10,392.03 in maintenance costs that she had spent on the family home from February of 2001 until March of 2002. According to Diane, this resulted in a difference of $997.95 in her favor. Diane's motion requested that this amount be credited against Craig's interest in her STRS pension account.
 {¶ 7} Diane's motion was brought before a Hancock County magistrate. The magistrate ordered a hearing to determine whether it had jurisdiction to consider such a motion, and both Diane and Craig submitted briefs on this issue. After considering the parties' memorandums and the applicable authority, the magistrate determined that it did not have jurisdiction to modify the amount of Diane's pension that Craig was entitled to under the divorce decree. However, the magistrate did find that it had jurisdiction to interpret and enforce the divorce decree. Accordingly, an evidentiary hearing was set to determine whether the divorce decree had retroactively awarded Diane the amounts she had expended on the family home between February of 2001 and March of 2002. Both parties were granted leave to file objections to the magistrate's jurisdictional decision after the full evidentiary hearing was held.
 {¶ 8} The evidentiary hearing was held on January 16, 2004. Based upon the testimony presented at the hearing, the magistrate found that the divorce decree had ordered Craig to pay the debts associated with the family home from the time of the original evidentiary hearing, which was held on February 2, 2001. The magistrate also found that the divorce decree had awarded Craig all of the promissory note payments that Diane had collected since February of 2001. Accordingly, the magistrate ordered Craig to pay Diane the difference in these two amounts, which the magistrate calculated to be $945.31.
 {¶ 9} The trial court reviewed the magistrate's decision and found that jurisdiction was proper. The trial court also agreed with the magistrate that the divorce decree was intended to retroactively apply from the date of the final divorce hearing in regard to both the promissory note and the maintenance costs of the family home. The only error that the trial court found in the magistrate's decision was in the computation of the amount Diane had spent on water softener. The trial court found that the magistrate had failed to credit Diane an additional $52.69. Accordingly, the trial court ordered Craig to pay Diane a total of $997.95. From this judgment Craig appeals, presenting two assignments of error for our review.
 Assignment of Error I A court does not have the jurisdiction to change or modify the terms ofthe decree of divorce and award additional monies to either party to thedivorce, and trial court committed prejudicial error in finding andoverruling defendant's motion to the contrary, that the court hadjurisdiction to award Plaintiff Diane Bell monies she expended on herhome that were not awarded to her in the judgment entry of divorce.
 Assignment of Error II The trial court committed prejudicial error when it found on apost-decree motion that Craig Bell owed Diane Bell for her expenses priorto the final decree of divorce.
 {¶ 10} Both of Craig's assignments of error allege that the trial court erroneously modified the divorce decree when it awarded Diane the maintenance expenses she incurred on the family home between February of 2001 and March of 2002. Thus, Craig claims that the trial court did not have jurisdiction to grant Diane's motion for clarification and grant her such expenses.
 {¶ 11} Craig is correct in citing the proposition of law that a trial court does not have jurisdiction to modify the division of property in a properly filed divorce decree. R.C. 3105.171(I); Straw v. Straw, 9th Dist. No. 04CA008433, 2004-Ohio-4065, at ¶ 4; Stegall v. Stegall, 3rd Dist. No. 2-2000-28, 2001-Ohio-2355. However, a trial court does have jurisdiction to enforce divorce decrees. R.C. 3105.65(B); Straw at ¶ 4. "Where there is good faith confusion over the requirements of the dissolution decree, a court has the power to enforce its decree, to hear the matter, clarify the confusion, and resolve the dispute." Straw at ¶ 4, quoting Bond v. Bond (1990), 69 Ohio App.3d 225, 228. The trial court "has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved." Id. Therefore, this Court must review a trial court's interpretation of ambiguous language in a divorce decree under an abuse of discretion standard. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} The divorce decree herein provides that Craig "shall be responsible for any obligations associated with the property and shall hold Plaintiff harmless from any debt associated with said property." (Divorce Decree, page 3, paragraph 7.) Furthermore, the decree states that, "In addition, Plaintiff shall receive a credit in the amount of $19,834.76 as a result of the monies she has paid since the separation of the parties in June 1997 for the care and maintenance, mortgage, insurance and tax payments." It is unclear from these clauses whether Craig is to assume responsibility for the obligations associated with the family home from the time of the divorce decree or retroactively from the time of the final evidentiary hearing. It is also unclear whether the $19,834.76 credit was intended to only cover those maintenance expenses that Diane incurred prior to the evidentiary hearing.
 {¶ 13} Because of these ambiguities in the language of the divorce decree, it was within the trial court's discretion to consider the equities of the parties involved and interpret and enforce the decree. The trial court was not, as Craig contends, modifying the property distribution that had previously been established in the divorce decree; rather, the trial court was determining what property division the divorce decree had called for and enforcing that division. Thus, the only issue left for this Court is to determine whether the trial court abused it's discretion in interpreting the divorce decree.
 {¶ 14} Herein, both Diane and Craig agree that the divorce decree retroactively awarded Craig all of the promissory note payments from the time of the final evidentiary hearing. Furthermore, this Court in Bell I
concluded that the $19,834.76 credit was for money that Diane had "spent on the maintenance and upkeep of the marital home between the parties' date of separation and the divorce hearing." Bell I at ¶ 8. Thus, the specific amount awarded to Diane in the divorce decree was for money she had spent on the maintenance of the home prior to the final evidentiary hearing. The trial court considered this and found that it would be inequitable and inconsistent for the divorce decree to retroactively award the promissory note payments, but not retroactively award the obligations that Diane had incurred in maintaining the family home.
 {¶ 15} The divorce decree awarded the family home to Craig, and he took possession of the home in March of 2002. Up until that time, Diane had paid all of the home's bills, upkeep costs and mortgage payments. Her expenditures ensured that Craig took the home without any additional encumbrances and in good repair. To read the divorce decree as only retroactively awarding the promissory note payments would result in Craig receiving a double windfall. He would enjoy the benefits of the promissory note payments from the time of the evidentiary hearing, but not have to incur the obligations of the family home for that same time period.
 {¶ 16} The trial court did not unreasonably, arbitrarily or unconscionably interpret the divorce decree. It properly considered not only the language and context of the divorce decree, but also the equities of the parties involved. Accordingly, both of Craig's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.