TOMASIK ET AL., APPELLEES, *v.* TOMASIK ET AL., APPELLANTS.

[Cite as *Tomasik v. Tomasik,* 111 Ohio St.3d 481, 2006-Ohio-6109.]

(No. 2004–2004—Submitted November 9, 2005—Decided December 6, 2006.)

PFEIFER, J.

### Factual and Procedural Background

{¶ 1} This case revolves around the last will and testament of Hedwig M. Jurkoshek, who died in March 2002. A Certificate of Service of Notice of Probate of Will was filed on May 2, 2003, in Summit County Probate Court. On August 28, 2003, appellees, Gerard Tomasik, Martha Tomasik, Daniel Tomasik, Elaine Tomasik, and Cecilia Tomasik, filed an action to contest the will in the probate court. Appellees, except Cecilia, are nephews and nieces of Jurkoshek who were beneficiaries under her previous will. Appellees argued in the will contest that Jurkoshek's latest will was executed after she had lost testamentary capacity.

{¶ 2} Cecilia Tomasik, Jurkoshek's sister and the mother of the other appellees, received notice of the admission of the will to probate as required by R.C. 2107.19. None of the other appellees were in the category of persons to whom it was required that notice be given under R.C. 2107.19.

{¶ 3} The probate court dismissed the appellees' will contest, finding that appellees had not filed the action within the three-month statute of limitations (measured from the filing date of the Certificate of Service of Notice of Probate of Will) set forth in the version of R.C. 2107.76 applicable at the time. The Ninth District Court of Appeals reversed the judgment of the probate court. The appellate court held that the statute of limitations set forth in former R.C. 2107.76 applied only to those persons to whom it was required under R.C. 2107.19 that notice be given of the will's admission to probate.

{¶ 4} The cause is before this court upon the allowance of a discretionary appeal.

## Law and Analysis

{¶ 5} The version of R.C. 2107.76 in effect at the time of this will contest set forth the statute of limitations as follows:

{¶ 6} "No person who has received or waived the right to receive the notice of the admission of a will to probate required by section 2107.19 of the Revised Code may commence an action * * * to contest the validity of the will more than three months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code." Sub.H.B. No. 85, Baldwin's Ohio Legislative Service Annotated (Vol.6, 2001), L–1640, L–1644.

{¶ 7} The only persons held to the three-month limitations period for filing will contests under former R.C. 2107.76 are those who under R.C. 2107.19 must be given notice of a will's admission to probate. R.C. 2107.19 requires that notice of the admission of a will to probate be provided to "the surviving spouse of the testator, to all persons who would be entitled to inherit from the testator under Chapter 2105. of the Revised Code if the testator had died intestate, and to all legatees and devisees named in the will."

{¶ 8} There is no dispute here that of the appellees in this case, only Cecilia Tomasik received notice pursuant to R.C. 2107.19 and that she was the only appellee required to be so notified. But what is the statute of limitations for bringing a will contest for persons not requiring notification under R.C. 2107.19? The General Assembly did not say. Appellants would have this court fill in that blank.

{¶ 9} The version of R.C. 2107.76 prior to the version at issue in this case set the statute of limitations at four months, and directly addressed the issue of a limitations period for persons not entitled to notice under R.C. 2107.19:

{¶ 10} "No person who has received or waived the right to receive the notice of the admission of a will to probate required by section 2107.19 of the Revised Code may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code certifying the giving of that notice to or the waiver of that notice by that person. *No other person may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than four months after the initial filing of a certificate described in division (A)(3) of section 2107.19 of the Revised Code.*" (Emphasis added.) Sub.H.B. No. 208, 145 Ohio Laws, Part III, 5092, 5095.

{¶ 11} The appellate court concluded that in amending R.C. 2107.76 in 2001, the General Assembly inadvertently dropped the sentence dealing with the limitations period for "other person[s]" while minor tinkering was being done on the rest of the bill. Or it could be that the General Assembly decided that interested persons who do not receive notice of a will's admission to probate should not be held to the same statute of limitations as those people who receive notice pursuant to R.C. 2107.19. Or the General Assembly may have had some completely different motivation.

{¶ 12} Whether accident or intent led to the creation of former R.C. 2107.76 is irrelevant to this court as long as the General Assembly created an unambiguous statute:

{¶ 13} " 'The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it.' *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph one of the syllabus. This court may engage in statutory interpretation when the statute under review is ambiguous. Id.

{¶ 14} " 'But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.' Id. at paragraph two of the syllabus." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11–12.

{¶ 15} Thus, the first issue for us to determine is whether R.C. 2107.76 is ambiguous. "If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." Id. at ¶ 13.

{¶ 16} We find that former R.C. 2107.76 is unambiguous. It sets forth a statute of limitations for the bringing of a will contest for persons who pursuant to R.C. 2107.19 receive notice of the admission of a will to probate. It does not purport to do anything else. A statute does not have to answer all questions or address every possible class of persons. It is not for this court to question what the statute accomplishes; its language works to inform those that it affects exactly how it affects them. Former R.C. 2107.76 does not apply to persons who were not required to be given notice in accordance with R.C. 2107.19. Therefore, it applies to none of the appellees except Cecilia.

{¶ 17} The postscript to this case is that the current version of R.C. 2107.76 (effective June 15, 2006) adds this sentence: "No other person may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than three months after the initial filing of a certificate described in division (A)(3) of section 2107.19 of the Revised Code." Sub.H.B. No. 144, Baldwin's Ohio Legislative Service Annotated (Vol.1, 2006), L–354. The revised statute also adds a subsection (B), making the saving statute, R.C. 2305.19, inapplicable to will contests.

{¶ 18} The lack of a statute of limitations for "other person[s]" in former R.C. 2107.76 may have been the result of the General Assembly's unintentional omission of language, or it could have been a legislative experiment that experience has proved unwise. The statute's four-year survival could indicate that the "missing" language was not merely an oversight, or it could indicate that the statute was so seldom employed that no one noticed a drafting mistake. Regardless, all that matters for our purposes here is that for its four-year run, former R.C. 2107.76 was unambiguous.

{¶ 19} Accordingly, we affirm the judgment of the appellate court.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, HARSHA and LANZINGER, JJ., concur.

O'DONNELL, J., concurs in judgment only.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, sitting for O'CONNOR, J.

---

Morganstern, MacAdams & DeVito Co., L.P.A., and Michael A. Partlow, for appellees.

L. Terrence Ufholz, for appellants.