{¶ 1} The defendant-appellant, Stephan Schuster, appeals the judgment of the Wyandot County Common Pleas Court Domestic Relations Division finding him in contempt of the July 31, 2002 decree of divorce. On appeal, Schuster contends the trial court abused its discretion when it held him in contempt. For the reasons set forth herein, we reverse the judgment of the trial court.
 {¶ 2} Schuster and the plaintiff-appellee, Rebecca Schuster, now known as Rebecca Oliver, were married on September 3, 1982. Oliver filed a complaint for divorce on June 12, 2001. Schuster filed an answer and counterclaim on July 9, 2001. On July 31, 2002, the trial court filed its judgment entry — decree of divorce. Pertinent to this appeal, the decree stated:
 Retirement Accounts: As of the date of the filing of Plaintiff's Complaint Rebecca K. Schuster had an account with State Employees Retirement System, with an appraised value of $22,186.93, and an account with State Teachers Retirement System, with an agreed value of $7,968.87. In addition, Stephan H. Schuster had an account with the State Teachers Retirement System with an appraised value of $135,603.52. The Parties have agreed that a Division of Property Order regarding the division of said benefits shall be completed and filed and further delivered to the Sate Teacher's Retirement System. The Division of Property Order shall designate $52,723.86 of Stephan H. Schuster's STRS Account as the property of Rebecca K. Schuster. The remaining portions of Stephan H. Schuster's retirement account shall remain the sole property of Stephan H. Schuster, *Page 3 free and clear from any claim of Rebecca K. Schuster. The two retirement accounts of Rebecca K. Schuster, in their entirety, shall remain the sole property of Rebecca K. Schuster, free and clear of any claim by Stephan H. Schuster.
(Emphasis added). The Division of Property Order ("DOPO") was filed on February 15, 2008 in which Schuster selected the "type of payment" as "Age and service retirement benefit, INCLUDING Partial Lump Sum Payments received under Sections 145.46(B)(3), 3307.60(B), 3309.46(B)(3), or5505.162(A)(3), Revised Code, and Deferred Retirement option Plan under Section 742.43, Revised Code." (Emphasis in original). As to the "method of payment," the DOPO stated:
 1. Dollar Amount: Please complete both Paragraphs II(B)(1)(a) and (b) below.
 a. If the Participant elects a plan of payment that consists of a lump sum payment OR a plan of payment that consists of periodic benefits:
 $175.75 per benefit from the Participant's periodic benefit upon the Participant's receipt of the aggregate periodic benefit; or
 $52,723.86 from the Participant's lump sum payment upon the Participant's receipt of the payment.
 b. If the Participant elects a plan of payment consisting of both a lump sum benefit AND a periodic benefit:
 $142.41 per benefit from the Participant's periodic benefit upon the Participant's receipt of the periodic benefit; and
 $10,000.00 from the Participant's lump sum benefit upon the Participant's receipt of the payment. *Page 4 
(Emphasis in original). The DOPO was signed by Oliver, her attorney, Schuster's attorney, and the trial judge.
 {¶ 3} The DOPO filed on February 15, 2008 was rejected by STRS, and on March 27, 2008, a nunc pro tunc DOPO was filed. The same language appears under "type of payment" and "method of payment." The nunc pro tunc DOPO was signed by counsel for both parties and the trial judge, but STRS rejected the nunc pro tunc DOPO as well. On April 17, 2008, a second nunc pro tunc DOPO was filed in which no "type of payment" was selected, but the "method of payment" contained the same language as that used in the prior two DOPOs. Both attorneys and the trial judge signed the second nunc pro tunc DOPO. The benefit claims coordinator for STRS sent a letter, dated April 24, 2008, to the Wyandot County Clerk of Courts indicating that it had received the second nunc pro tunc DOPO.
 {¶ 4} On June 9, 2008, Oliver filed an ex parte motion for temporary restraining order against Schuster and STRS. Oliver had become aware that Schuster had elected monthly payment benefits rather than a lump sum payment, which entitled her to receive $175.75 per month for the next 25 years, should both she and Schuster live that long. Oliver argued that she was entitled to a lump sum payment of $52,723.86 pursuant to the divorce decree. The court granted the temporary restraining order. Oliver also filed a motion for a preliminary injunction. *Page 5 
 {¶ 5} On June 16, 2008, Oliver filed a motion for contempt and a motion to order Schuster to change his STRS election. In her motion, Oliver asked that the court hold Schuster in contempt of the July 31, 2002 judgment entry — decree of divorce; a request that the court clarify the July 31, 2002 judgment entry — decree of divorce; and an order that Schuster change his election to a lump sum payment. On June 17, 2008, STRS filed a motion to strike it as a party, which the trial court granted on September 9, 2008. In the same entry, the court found Schuster in contempt of the divorce decree. The court sentenced Schuster to ten days in jail but allowed him 60 days to purge the contempt finding by obtaining a loan to pay Oliver the lump sum payment of $52,723.86. The court provided that if Schuster were unable to obtain a loan, he would be required to pay Oliver 50% of his monthly STRS benefit until Oliver received $52,732.86. Finally, the court granted judgment in favor of Oliver in the amount of $52,732.86, less any amount paid to Oliver in the interim. Schuster appeals the judgment of the trial court, raising a sole assignment of error for our review.
 Assignment of Error The court erred and abused its discretion in finding that Defendant was in contempt of the July 31, 2002, Judgment Entry — Decree of Divorce.
 {¶ 6} On appeal, Schuster contends that the divorce decree did not require him to elect a lump sum payment when he retired and requested his STRS benefits. Oliver focuses on the testimony adduced at the contempt hearing held on *Page 6 
June 25, 2008, in arguing that the parties intended for Schuster to elect the lump sum payment in order for her to realize the full benefit of $52,732.86.
 {¶ 7} "`An appellate court reviews a trial court's decision in contempt proceedings under an abuse of discretion standard.'"Portentoso v. Portentoso, 3d Dist. No. 13-07-03, 2007-Ohio-5770, at ¶ 29, quoting McLaughlin v. McLaughlin Breznenick, 3d Dist. No. 8-06-06,2007-Ohio-1087, citing Saltzman v. Saltzman, 3d Dist. No. 16-02-10, 2002-Ohio-6490, at ¶ 12, citing Collins v. Collins (May 8, 1997), 3d Dist. No. 17-97-1, at * 3. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted).
 {¶ 8} "A trial court does not have jurisdiction to modify the division of property in a properly filed divorce decree." Bell v. Bell, 3d Dist. No. 5-04-34, 2005-Ohio-421, at ¶ 11, citing R.C. 3105.171(I); Straw v.Straw, 9th Dist. No. 04CA008433, 2004-Ohio-4065, at ¶ 4; Stegall v.Stegall, 3d Dist. No. 2-2000-28, 2001-Ohio-2355. However, the court may enforce its divorce decrees. Id., citing R.C. 3105.65(B); Straw
at ¶ 4.
 "Where there is good faith confusion over the requirements of the dissolution decree, a court has the power to enforce its decree, to hear the matter, clarify the confusion, and resolve the dispute." Straw at ¶ 4, quoting Bond v. Bond (1990), 69 Ohio App.3d 225, 228, 590 N.E.2d 348. The trial court "has broad *Page 7 discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved." Id.
(Emphasis added). Bell, at ¶ 29.
 {¶ 9} In this case, the divorce decree, which both parties agree is the controlling document, is not ambiguous. The plain language, as quoted above, required Schuster to designate $52,732.86 to Oliver. Schuster did designate that amount of money to Oliver, with her acquiescence. However, upon his retirement, he simply elected payment in the form of monthly benefits rather than a lump sum payment. There is no language in the decree specifying the method of payment. Because the language of the decree is unambiguous, there was no reason to interpret the language or to assess the intent of the parties at the time the divorce decree was filed. The court is required to merely apply the language. See Tomasik v. Tomasik, 111 Ohio St.3d 481, 2006-Ohio-6109,857 N.E.2d 127, at ¶ 15, quoting State v. Hairston, 101 Ohio St.3d 308,2004-Ohio-969, 804 N.E.2d 471, at ¶ 13. The trial court abused its discretion when it held Schuster in contempt of court, and the sole assignment of error is sustained.[1]
 {¶ 10} The judgment of the Wyandot County Common Pleas Court Domestic Relations Division is reversed, and this cause is remanded for further proceedings.
Judgment Reversed and Cause Remanded *Page 8 
 PRESTON, P.J., and ROGERS, J., concur.
[1] In so ruling, this Court makes no determination regarding any other remedy that may be available to Oliver. *Page 1