BOND, Appellant,

v.

BOND, n.k.a. Martin, Appellee.

[Cite as *Bond v. Bond* (1990), 69 Ohio App.3d 225.]

Court of Appeals of Ohio,
Summit County.

No. 14437.

Decided Aug. 29, 1990.

*Arthur Axner,* for appellant.

*William Sremack,* for appellee.

Cacioppo, Judge.

Clifford L. Bond, appellant, appeals the trial court's order granting the appellee's motion for a money judgment to pay the balance of a second mortgage. The second mortgage was appellant's obligation pursuant to the couple's separation agreement. Clifford also appeals the order which directs his fixed equity interest in the former marital residence to be applied against the judgment award granted to the appellee. We affirm.

In 1988, appellant and appellee, Rebecca G. Martin, f.k.a. Rebecca G. Bond, entered into a separation agreement which the trial court subsequently incorporated into a dissolution of marriage decree. Rebecca filed a motion in 1989 seeking an order compelling Clifford to execute a deed conveying his interest in their former marital residence to conclude a sale of the property. Further, she sought an order awarding her a money judgment to satisfy a second mortgage which was Clifford's obligation pursuant to the separation agreement.

On October 2, 1989, a hearing was held by the referee. The referee *sua sponte* raised a question concerning the real estate appraisal and Clifford's fixed equity interest. An amended decree of dissolution *nunc pro tunc* was entered on October 19, 1989. Subsequently, the referee issued his report and Clifford filed his objections. The report was amended to included language that entitled Rebecca to immediate relief. Rebecca also filed her response to Clifford's objections.

The trial court overruled the objections and issued an order granting Rebecca a judgment for the amount of the second mortgage and ordered Clifford's fixed equity interest to be applied to the amount due. From that order Clifford asserts three assignments of error:

### Assignments of Error

"I. The trial court erred as a matter of law in its order that it has the authority and jurisdiction to modify the property division set forth in a separation agreement incorporated into a decree of dissolution of marriage.

"II. The trial court erred in its order sustaining the amended motion of the appellee.

"III. The trial court abused its discretion in its order that the appellee was entitled to an award of a money judgment in an amount equivalent to the balance of the second mortgage and further that the appellee was to be paid the fixed equity interest of the appellant in the marital residence as a credit to an[d] in partial liquidation of the money judgment."

In his brief, Clifford combines all of his assignments of error within a single argument. All three assignments relate to a single issue of whether the trial court interpreted the separation agreement or modified the separation agreement.

■■ A trial court is without authority to modify a property division in a separation agreement which has been incorporated into a dissolution of marriage decree. *Anderson v. Anderson* (1984), 13 Ohio App.3d 194, 197, 13 OBR 242, 245, 468 N.E.2d 784, 787; *Leibowitz v. Leibowitz* (Feb. 10, 1988), Summit App. No. 13194, unreported, 1988 WL 17768. Pursuant to R.C.

3105.65(B), a court has full power to enforce its provisions of a separation agreement incorporated in a decree of dissolution of marriage. Where there is good faith confusion over the requirements of the dissolution decree, a court has the power to enforce its decree, to hear the matter, clarify the confusion, and resolve the dispute. *Saeks v. Saeks* (1985), 24 Ohio App.3d 67, 70, 24 OBR 122, 124, 493 N.E.2d 280, 283. Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. *In re Dissolution of Marriage of Seders* (1987), 42 Ohio App.3d 155, 156, 536 N.E.2d 1190, 1191. An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion. *Id.*, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

In the instant case, Clifford argues that pursuant to Article 8.5 of the agreement he was entitled to receive payment of his equity interest amounting to $6,675.31 after the proceeds from the sale of the former marital property paid off both the first and second mortgages. The agreement states in pertinent part:

"8.5 * * * Upon the sale of the property to some third party, the parties understand and agree that the Husband will be paid his fixed equity interest and that the Wife shall then be entitled to the balance of the net proceeds derived from the sale."

Clifford asserts that the trial court's order directing him to remain burdened with the second mortgage following the sale of the residence with his fixed equity interest used as a setoff against the judgment constitutes an impermissible modification of a separation agreement.

Section 8.3 of the separation agreement provides in pertinent part:

"8.3 * * * The Husband hereby assumes and agrees to be solely responsible for and pay the second mortgage to Ohio Teamsters Credit Union, Inc., and he agrees to save the Wife harmless thereunder and indemnify her for any loss, liability or expense incurred in connection therewith."

Further, Section 8.6 states:

"8.6 The parties agree that the husband shall be entitled to be paid his fixed equity interest in this property sooner than provided for in Article 8.5 hereof in the event that the second mortgage indebtedness to Ohio Teamsters Credit Union, Inc. has been paid and satisfied in full, and the Wife is remarried at the time of such mortgage satisfaction."

It is obvious from these two sections as well as from a reading of the entire agreement that Clifford was to be solely responsible for the payment of the second mortgage. There is no event that absolves him of this obligation. Further, the document provides that Clifford was obligated to indemnify Rebecca for any sums she paid on the second mortgage.

Clifford was given a reduction in the amount of child support payments from the child support guidelines in effect at that time. Additionally, if he was entitled to the $6,675.31 plus the pay off of the second mortgage he would in effect be given an equity interest of approximately $24,675.31.

After a thorough reading of the referee's report, the objections filed and all other documents in this record we find that the trial court did not abuse its discretion in ordering the $6,675.31 to be set off from Rebecca's judgment award. Furthermore, there was no abuse of discretion in sustaining Rebecca's amended motion.

The referee's report and trial court's order were the result of judicial interpretive acts and not an impermissible modification of the property division within the separation agreement incorporated in the decree of dissolution of marriage. Therefore, appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.