DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant June Hale appeals the order of the Medina County Court of Common Pleas, Domestic Relations Division, concerning the division of marital property ordered by a prior divorce decree which terminated her marriage from Appellee Patrick Hale. We affirm.
 I.
On May 31, 1988, June filed for divorce from her husband Patrick after eight years of marriage.[1] The couple executed a separation agreement, and the court incorporated the agreement into its decree of divorce, entered on March 9, 1989. The separation agreement contained a division of property which included the marital residence where June was still residing. The agreement provided that June would be allowed to reside in the home until the earlier of the following: (1) June 30, 1990, or (2) thirty days after she received a lump sum payment of $10,000 on Patrick's promissory note. However, June was required to quitclaim any "right, title and interest" in the house to Patrick. June's attorney was to retain the quitclaim deed until such time as June vacated the property, at which time the deed would be delivered to Patrick. In return, Patrick was required to execute a promissory note to June for her $40,000 interest in the home, plus nine percent interest per year, and to pay June monthly installments of a minimum of $500.00 per month. Patrick was also required to grant June a mortgage of $40,000 on the property to secure this debt.
June did not quitclaim the property to Patrick. At some point June did vacate the property. Patrick made the monthly payments of $500.00 to June for a period of time, but he did not execute a mortgage on the property. In 1994, the couple attempted a reconciliation, and June moved back into the house with Patrick. In January 1997, June obtained a temporary restraining order against Patrick, who was required to vacate the home. Patrick filed a motion with the domestic relations court, seeking (1) modification of child support, (2) an order requiring June to quitclaim and vacate the residence, and (3) an ex parte order restraining June from selling Patrick's property still in the house or from dissipating the value of the residence.
Ultimately, the child support issue was dealt with separately, and Patrick withdrew his request for a restraining order. Patrick proceeded only on part two of his motion. After several continuances, mostly at June's request, a magistrate's hearing was scheduled for January 13, 1998. Both parties were given notice that no further continuances would be granted. No transcript was made of the hearing. June did not attend the magistrate's hearing, but was represented by counsel. At the hearing, Patrick presented as evidence canceled checks, paid to June, which Patrick said were paid in partial fulfillment of his obligation to pay pursuant to the property settlement.[2]
Patrick also testified that the parties had resided together for thirty-two months in an effort to reconcile, and that the parties agreed that June would live in the residence rent-free in lieu of Patrick's $500.00 per month property payment.
The magistrate issued a decision on March 11, 1998, which recommended that June should be ordered to execute the quitclaim deed on the residence. The magistrate also found that for thirty-two months June resided with Patrick in the marital residence, with an agreement that she would reside there rent-free in lieu of Patrick's monthly property payment. The magistrate found that of the total principal and interest which Patrick owed on the promissory note ($61,500.00), he had either made payments to June, or permitted June to reside with him rent-free, for a total value of $51,388.72. Thus, the magistrate recommended that Patrick be ordered to execute a mortgage on the residence in the amount of $10,111.28 plus nine percent interest from February 1, 1997.
June filed objections to the magistrate's decision.[3]
She stated that she was not given notice of the hearing, that the court improperly modified the property division of the divorce decree, and that the separation agreement required that any modifications to the agreement by the parties had to be "in writing and signed by both parties." The trial court held a hearing on the objections on April 23, 1998. In its May 4 findings, the court noted that June had provided neither a transcript of the magistrate's hearing nor an affidavit as to the evidence presented at that hearing. The court found that, through notice mailed to her counsel on November 10, 1997, June had ample notice of the hearing and of the subject matter of the hearing which could include the specific issue of payments made pursuant to the property division. The court also found that the court had jurisdiction to consider the matter before it. The court overruled the objections and adopted the magistrate's decision.[4] On December 3, 1998, the trial court entered its final order, which required June to quitclaim her interest in the residence and required Patrick to provide a note and mortgage in the amount of $10,111.28 plus nine percent annual interest from February 1, 1997.
On appeal June assigns as error the same three issues addressed in her objections to the magistrate's order, namely (1) the trial court's lack of jurisdiction to modify a property agreement, (2) the court's recognition of an oral agreement to modify despite the requirement that modifications be in writing and signed by both parties, and (3) lack of notice as to the subject matter of the hearing. We have rearranged these assignments of error for ease of discussion.
II. ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN HEARING TESTIMONY AND GRANTING JUDGMENT WITH REGARDS TO A DETERMINATION OF FUNDS DISBURSED PURSUANT TO A DIVORCE DECREE UPON DEFENDANT-APPELLEE'S MOTION TO ENFORCE PROVISIONS OF DIVORCE DECREE WHERE PLAINTIFF-APPELLANT WAS NOT GIVEN NOTICE OF THE SUBJECT MATTER OF THE HEARING PURSUANT TO THE CIVIL RULES OF PROCEDURE [sic].
June filed two sets of objections to the magistrate's decision. One set of objections stated that June did not receive notice of the hearing until one day prior to the hearing. However, it is undisputed that her attorney received notice of the hearing in November 1997, and attended the hearing on June's behalf. Her second set of objections raised the issue that "[t]he only issue before the Court was * * * that Plaintiff be ordered to vacate the marital residence and quitclaim her interest in the home[.]" We construe this latter objection to address the issue of lack of notice as to subject matter.
This assignment of error essentially charges that June was denied procedural due process. "The essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard." Whitaker v. Estate of Whitaker (1995),105 Ohio App.3d 46, 51, citing Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 94 L.Ed. 865, 873, and Stateex rel. Allstate Ins. Co. v. Bowen (1936), 130 Ohio St. 347. Thus, we review the record to determine whether June received sufficient notice of the subject matter actually addressed at the hearing.
The magistrate's hearing was scheduled to address Patrick's motion requesting the court to order June to quitclaim her interest in the residence and to vacate the property "in accordance with the terms and provisions of the Divorce Decree." The divorce decree contained seven specific provisions related to the division of the parties' property interest in the marital home. Thus, it was reasonable for June to anticipate that the magistrate would have to revisit all of the provisions relating to the marital residence in order to address Patrick's motion fairly.
One such provision required Patrick to issue a promissory note and a mortgage to secure his obligation to buy out June's property interest in the home. One issue to be addressed at magistrate's hearing was what payment obligation remained, if any. It was undisputed that following the divorce Patrick had made numerous monthly payments to June in partial fulfillment of his obligation. Therefore it was reasonable for June to anticipate that the magistrate would consider any evidence relating to the parties' post-decree acts in compliance with the original order, in order to determine the amount remaining on Patrick's obligation under the property division.
We find that June had notice of the subject matter of the hearing, namely all matters essential to enforce the divorce decree provisions regarding the property division as to the marital residence. This included evidence concerning both parties' performance under the original decree. Thus, we find June's third assignment of error to be without merit, and we overrule it.
III. ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO MAGISTRATE'S DECISION FOR LACK OF JURISDICTION WHERE THE DOMESTIC RELATIONS COURT DID NOT EXPRESSLY RESERVE JURISDICTION IN THE AREA OF PROPERTY DIVISION AND THE COURT MODIFIED THE TERMS OF THE DIVORCE DECREE AS TO THE DIVISION. ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN FINDING THAT A MODIFICATION TO THE DIVORCE DECREE HAD BEEN ESTABLISHED BY THE PARTIES BASED ON TESTIMONY OF AN ORAL AGREEMENT BETWEEN THE PARTIES WHERE THE TERMS OF THE SEPARATION AGREEMENT EXPRESSLY PROVIDED FOR MODIFICATION ONLY WHERE DONE IN WRITING AND SIGNED BY BOTH PARTIES.
This Court has written that a domestic relations court is without authority to modify a property division, but that "[p]ursuant to R.C. 3105.65(B), a court has full power to enforce its provisions of a separation agreement incorporated in a [divorce] decree." (Citations omitted.) Bond v. Bond (1990),69 Ohio App.3d 225, 227-228. In the instant case, the trial court considered evidence of the post-decree acts of the parties in its effort to enforce the provisions of its decree relating to the property division. The trial court, in enforcing its earlier decree, was authorized to determine whether June or Patrick had fulfilled any or all of the obligations assigned to them by the divorce decree. To the extent that any obligation remained unfulfilled, the trial court was empowered to issue an order as to that obligation. See Tomasik v. Tomasik (Jan. 29, 1997), Summit App. No. 17822, unreported, at 3.
Although the trial court cannot modify a division of property, the parties themselves may modify the property division. See Myers v. Myers (Dec. 7, 1994), Summit App. No. 16696, unreported, at 3-4. A trial court may enforce a post-decree modification agreed to by the parties. Id. Such an order does not violate the principle that the court does not have jurisdiction to modify a property division. Id. June's second assignment of error asserts that because the parties' agreement to substitute free rent for the property payment was not in writing, as required by the separation agreement, the trial court improperly considered performance under the agreement as partial performance of the original property division.
June's second assignment of error is based on (1) the factual assertion that the disputed agreement of the parties was oral, and (2) the legal assertion that the agreement was a modification of the separation agreement and therefore needed to be in writing.
The record herein contains no transcript of the magistrate's hearing, no affidavit stating the evidence presented at that hearing, no transcript of the trial court's hearing on the objections, and no App.R. 9(C) statement of the evidence presented to the trial court. When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing. Civ.R. 53(E)(3)(b). Because June did not do this, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law. See State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730. This Court is likewise limited to that review. Melendez v. Mankis (Dec. 15, 1999), Lorain App. No. 98CA007091, unreported, at 5.
The magistrate made a determination that the parties had agreed that June would waive the $500.00 per month property payment in lieu of her living with Patrick without paying rent. We find that this substitution of the type of payment to be received does not constitute a modification of the separation agreement. However, even assuming that such an agreement constitutes a modification of the separation agreement, we find that there is no evidence that such an agreement was oral rather than written. The magistrate's decision does not state whether this agreement was oral or written, nor does the trial court in its findings or in its judgment entry.
Without a record of the evidence, we cannot pass on the factual issue of whether the agreement was oral or written, which is necessary to reach the legal arguments June presents here.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Therefore, we find that June's first and second assignments of error are not well-taken, and we overrule them.
Having overruled June's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT
CARR, J., WHITMORE, J., CONCUR.
[1] The complaint for divorce, the separation agreement which was incorporated into the decree of divorce, and the decree itself, all give various dates for the marriage, including December 9, 1979, February 1 (no year stated), and February 1, 1980. The complaint and the separation agreement also reference August 12, 1983, when the marriage was "reaffirmed in a civil ceremony[.]"
[2] Some of the checks were apparently payments for valid expenses for the residence. The magistrate disallowed some of Patrick's proffered expense payments because it was not clear that these payments were for expenses for the residence.
[3] Two attorneys filed objections on June's behalf, her attorney of record as of the magistrate's hearing and a new attorney. Her first attorney promptly requested leave to withdraw, citing lack of communication between himself and his client. The court granted the motion to withdraw.
[4] June initially appealed from the trial court's findings. This Court dismissed the appeal for lack of a final, appealable order in October 1998. After the final order issued, June filed the instant appeal.