OPINION
Plaintiff-appellant Donna McCuen appeals from the judgment of the Columbiana County Common Pleas Court which granted defendant-appellee Jerry McCuen's motion to enforce a clause in a prior divorce decree regarding property division. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF FACTS
The parties were divorced pursuant to the trial court's April 8, 1996 judgment entry. At the time of their divorce, the parties owned a residence at 815 Ashbaugh Lane and a residence at 1524 Lisbon Street. These residences were located on adjoining property in East Liverpool, Ohio. The appraisals which were submitted to the magistrate established that the Ashbaugh Lane residence had an attached garage and was valued at $67,500, and the Lisbon Street residence had a detached garage and was valued at $24,000. The magistrate distributed marital property in part by awarding the Ashbaugh Lane residence to appellant and the Lisbon Street residence to appellee. The trial court affirmed the magistrates division of property. Thereafter, the parties exchanged quit claim deeds for the awarded properties.
In mid-1997, a survey revealed that the detached garage and part of a porch attached to the Lisbon Street residence were actually located on the property contained in the deed of the Ashbaugh Lane address. As the appraisal for the Lisbon Street address contained the detached garage and the porch, appellee sought these structures pursuant to his property award in the divorce decree. However, appellant refused to transfer the property upon which the garage and porch are built to appellee.
Thus, appellee filed a "Motion to Enforce" the portion of the court's prior order which awarded the Lisbon Street residence to appellee. Appellant opposed the motion, and a hearing was held before the magistrate. On June 30, 1998, the magistrate ordered that appellant give appellee sufficient property to include the garage and the porch as part of the property distribution. Appellant filed objections, which the trial court overruled. The within timely appeal resulted.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth three assignments of error, the first of which alleges:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DONNA McCUEN IN MODIFYING THE DISTRIBUTION OF PROPERTY MADE PURSUANT TO THE APRIL 8, 1996 OPINION AND JUDGMENT ENTRY OF THE COLUMBIANA COURT OF COMMON PLEAS."
Appellant characterizes the court's action as a modification of its prior property division and cites to R.C. 3105.171 (I) which states that a distribution of property is not subject to future modification. This assignment of error is overruled; the reasons therefor are stated infra.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error contends:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DONNA McCUEN IN GRANTING APPELLANT'S MOTION TO ENFORCE PARAGRAPH THREE OF THE APRIL 8, 1996 OPINION AND JUDGMENT ENTRY AS SAID MOTION IS TIME-BARRED BY OHIO RULE OF CIVIL PROCEDURE 60 (B)."
Appellant characterizes appellee's motion to enforce as a motion for relief from judgment on grounds of mistake. Pursuant to Civ.R. 60 (B)(1), such a motion must be made within one year of the judgment from which relief is sought. (Appellant correctly points out that the catch-all provision in Civ.R. 60 (B)(5), which does not have a one year time limit, may not be used as a substitute for a more specific ground solely to avoid the time limit). Conversely, appellee contends that this is not a Civ.R. 60 (B) case. Appellee likens his motion to a motion to show cause in a contempt case.
In an analogous case, the Eleventh Appellate District held that a Civ.R. 60 (B) motion was not the proper procedural mechanism, but that the movant could file a motion requesting enforcement of the court's prior order or a motion for contempt.Loew v. Loew (Oct. 11, 1996), Trumbull App. No. 96-T-5486, unreported, 2. Similarly, if the trial court determines that a good faith confusion exists over the interpretation to be given to a particular portion of the divorce decree, then the trial court has authority to take the necessary measures to correct the confusion. Jakubek v. Jakubek (Sept. 18, 1998), Mahoning App. No. 96 CA 130, unreported, 4. The court may hear the matter, clarify the situation and resolve the dispute. Bond v. Bond (1990),69 Ohio App.3d 225, 228; Saeks v. Saeks (1985), 24 Ohio App.3d 67,70. In this scenario, the court is not vacating or modifying its prior judgment but is merely interpreting and enforcing it. An interpretive decision such as this will not be disturbed assent an abuse of discretion. Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341,348; In re Dissolution of Marriage of Seders (1987),42 Ohio App.3d 155, 156.
The Ninth Appellate District also decided an analogous case.Thomarios v. Thomarios (June 10, 1990), Summit App. No. 14232, unreported. In that case, the trial court had awarded the marital residence to the wife. The parties also owned a vacant lot which was adjoining to the marital residence, but the vacant lot was not specifically mentioned in the divorce decree. When the husband attempted to assert a right to the lot later, the wife filed a motion to interpret and enforce the divorce decree. She argued that, when dividing property, the court relied on an appraisal of the marital residence which reflected the value of the vacant lot in the value of the residence. The appellate court held that the domestic relations court property interpreted its prior divorce decree by holding that the vacant lot was awarded to the wife when the marital residence was awarded. See, also, Thomarios (Dec. 27, 1989), Summit App. No. 14170, unreported (stating that the issue should be determined by the court that filed the divorce decree).
In the case at hand, the court had ordered that appellee receive the Lisbon Street residence as appraised by the appraiser. The appraisal of the residence consisted in part of a detached garage and a porch. When appellant realized that the deed she received from appellee actually included the detached garage and part of the porch, she refused to turn the property upon which they were located over to appellee. Thus, in order to enforce the court's order, appellee filed a motion seeking to force appellant to comply.
Both the Ashbaugh Lane and Lisbon Street lots were marital property which were purchased by the parties as one unit from a common grantor. The parties agreed to have these properties appraised before the divorce. As aforementioned, the $24,000 value of the Lisbon Street residence relied on the existence of a detached garage and a porch. The value of the $67,500 value of the Ashbaugh Lane residence was not based upon the detached garage and the porch. The parties stipulated to the appraisals. In making its equitable distribution of property, the court awarded the Lisbon Street residence to the husband and set its value at $24,000. Appellant did not appeal the award of the Lisbon Street residence as appraised.
The parties then exchanged deeds which did not reflect the court's order and thus did not carry out the court's equitable intent as previously voiced. Once this mishap was discovered, appellee sought appropriate relief. Appellant did not seek relief from judgment in the form of vacation or modification but merely sought equitable enforcement of the court's prior order. It is not unreasonable, unconscionable or arbitrary for the magistrate to hold that the detached garage and porch were inherent in the award of the Lisbon Street residence to appellee. See Holcomb v.Holcomb (1989), 44 Ohio St.3d 128 (defining abuse of discretion as such). Neither the magistrate nor the trial court abused its discretion when it clarified and ordered compliance with its prior decree. The deeds exchanged by the parties did not comply with that decree and instead resulted in a windfall to appellant. Thus, the court was required to reform the deeds to achieve compliance with and to enforce its prior entry. See Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 413 (instructing courts to approach a divorce action like an action in partition by using their authority to dissolve, windup and distribute assets and liabilities). Therefore, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error provides:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DONNA McCUEN IN GRANTING APPELLANT'S MOTION TO ENFORCE PARAGRAPH THREE OF THE APRIL 8, 1996 OPINION AND JUDGMENT ENTRY DESPITE THE MAGISTRATE'S ADMISSION AND CONSIDERATION OF IMPERMISSIBLE PAROL EVIDENCE."
At the hearing, over appellant's objection, appellee testified briefly about how the parties had used the detached garage in the past. Appellant argues that such testimony violated the rule which bars parol evidence from being utilized to contradict the terms of a deed.
However, the language of the deed was not being contradicted as neither party disputed the legal characteristics of the property contained on each deed. The testimony was merely introduced to show how the mistake was made by the parties and the appraiser. Additionally, the magistrate specifically stated that her decision was not based upon testimony about past uses of the garage and past impressions regarding boundaries. The magistrate expressly based her decision on the fact that her prior distribution of property relied in part upon an appraisal which valued the Lisbon Street residence as having a detached garage and a porch. When the magistrate awarded appellee the Lisbon Street residence, she intended the residence to come with everything listed in the appraisal. As aforementioned, the magistrate's, and subsequently the trial court's, interpretation and enforcement of the prior order was not an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., dissents; see dissenting opinion.
Waite, J., concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE