[Cite as *Pontious v. Pontoius*, 2011-Ohio-40.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| AVA D. PONTIOUS, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA3157 |
| vs. | : | |
| JAMES A. PONTIOUS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Joseph P. Sulzer, 14 South Paint Street, Suite 15, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:     Robert J. Judkins, 303 West Jefferson Street, P.O. Box 33, Greenfield, Ohio 45123

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-6-11

PER CURIAM.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment that denied a post-decree motion to modify a divorce decree and "Court Order Acceptable for Processing under the Civil Service Retirement System" (COAP).[1]

{¶ 2}   James A. Pontious, defendant below and appellee herein, raises the following assignment of error for review:

---

[1] A "COAP" is essentially the same as a qualified domestic relations order (QDRO).   See 5 CFR 838.103; Stare v. Stare, Licking App. No. 03CA109, 2004-Ohio-4770, at ¶19.

"THE TRIAL COURT ABUSED ITS DISCRETION BY
DENYING DEFENDANT-APPELLANT RELIEF PURSUANT
TO HIS POST-DECREE MOTION."

{¶ 3} Appellant began employment with the federal government in 1972. The parties married on June 17, 1980 and divorced on February 5, 2008.

{¶ 4} At the final divorce hearing, appellee's counsel recited the parties' agreement with respect to appellant's retirement benefits:

"The temporary order of support will continue as previously Ordered by this Court until such time as the defendant goes into active retirement, which is expected to occur in the near future, at which time that pension * * * will be divided equally. He does have a pension, and a T.S.P through his employment with the V.A., and that that would, is all marital at this time, is that she would receive a marital portion, [sic] today's date being the ending date of the marriage."

Appellant and his counsel indicated to the court that appellee's counsel accurately recited the parties' agreement. Subsequently, the court's divorce decree awarded appellee:

"one-half of [appellant's] Pension Benefits under the VA CSRS * * * and Thrift Savings Plan through the VA. Commencing upon the date [appellant] retires and begins receiving his retirement benefits * * * under Pension Fund, [appellant] shall pay to [appellee], as and for her marital property rights, a monthly sum determined by a [COAP], a copy of which is attached."

The COAP specified that the monthly sum appellee is to receive as follows: "The Order assigns to [appellee] an amount equal to fifty percent (50%) of [appellant's] Total Account Balance accumulated under the Plan at the time of his expected retirement date of December 31st, 2007." The COAP further specified that the court will:

"retain jurisdiction with respect to this Order to the extent required to maintain its qualified status and the original intent of the parties as

stipulated herein.   The Court shall also retain jurisdiction to enter such further Orders as are necessary to enforce the assignment of benefits to [appellee] as set forth herein, including the recharacterization thereof as a division of benefits under another Plan, as applicable, or to make an award of alimony, if applicable, in the event that [appellant] fails to comply with the provisions contained above requiring said payments to [appellee]."

{¶ 5}   After appellant's retirement, appellee began receiving one-half of appellant's pension benefit.   Apparently, appellant is displeased with this situation and on April 20, 2009, he filed a motion that requested the court to: (1) "amend Paragraph 4 of the Court's Judgment Decree of Divorce and the Court Order[] Acceptable For Processing Under the Civil Service Retirement System"; (2) "award to [appellant] any overage in retirement benefits which [appellee] has received since [appellant']s retirement on April 3, 2008; and (3) modify the divorce decree and "the Court Order[] Acceptable for Processing Under the Civil Retirement System that [appellant] is entitled to all benefits under his retirement system should [appellee] predecease [appellant], remarries or cohabitates with another."   On May 8, 2009, appellant filed a second motion that, in essence, repeated the requests set forth in his first motion.

{¶ 6}   On December 23, 2009, appellant filed a memorandum in support of his motion.   He argued that the trial court's divorce decree awards appellee one-half of appellant's retirement benefits, but fails to recognize that appellant had accumulated a portion of these benefits before the marriage.   Thus, appellant claimed that appellee is not entitled to one-half of all of his retirement benefits, but, instead, should receive one-half of the marital value of his retirement benefits.   Appellant thus requested the court to modify its decree and COAP to reflect that appellee is entitled to one-half of the

marital value, not the total value, of his pension benefit.   Appellant also requested the court to award him benefit overpayments that appellee had already received. Appellant further requested the court to amend its order to state that appellee is not entitled to his pension benefits if she predeceases appellant, remarries or cohabitates.

{¶ 7}   Appellee filed a memorandum in opposition and asserted that the court did not have jurisdiction to consider appellant's motion.   In particular, she contended that appellant's motion, in essence, requested the court to modify its prior property division, which the Revised Code explicitly prohibits.

{¶ 8}   The trial court denied appellant's motion and determined that (1) the COAP did not provide it with jurisdiction to consider appellant's motion, and (2) it did not have jurisdiction to modify the parties' prior property division.   The court further found that appellant "entered into agreement with the advice of counsel. [Appellant]'s agreement was submitted to this Court.   [Appellant]'s counsel approved the Decree of Divorce.   Nothing in the record indicates that the agreement did not reflect the intent of [appellant]."   This appeal followed.

{¶ 9}   In his sole assignment of error, appellant asserts that the trial court's denial of his motion constitutes an abuse of discretion.   He argues that the trial court improperly determined that it lacked jurisdiction to modify the decree or the COAP and had the court properly exercised jurisdiction, it should have modified the COAP so that appellee receives one-half of the pension's marital value, rather than one-half of the total value.

{¶ 10} We review a trial court's jurisdictional determination as a matter of law.

See <u>Sullivan v. Sullivan</u>, Lucas App. No. L-09-1022, 2010-Ohio-3064, at ¶14, citing

<u>Swayne v. Newman</u> (1998), 131 Ohio App.3d 793, 795, 723 N.E.2d 1117; see, also,

<u>Danzig v. Biron</u>, Highland App. No. 07CA1, 2008-Ohio-209, at ¶13.   Accordingly, we

afford no deference to a trial court's assessment of its jurisdiction, but, rather,

independently review whether a court properly determined its jurisdiction to hear a

matter.

{¶ 11} First, we first agree with appellee that, to the extent appellant sought a

modification of the property division, the trial court lacked jurisdiction.   R.C.

3105.171(I)[2] prohibits a court from modifying a prior property division.   "[o]nce a court

has made an equitable property division, it has no jurisdiction to modify its decision."

<u>Pierron v. Pierron</u>, Scioto App. Nos. 07CA3153 and 3159, 2008-Ohio-1286, at ¶7, citing

R.C. 3105.171(I); <u>Knapp v. Knapp</u>, Lawrence App. No. 05CA2, 2005-Ohio-7105, at

¶40.   However, a court retains jurisdiction to "'clarify and construe its original property

division so as to effectuate its judgment.'"   <u>Knapp</u> at ¶40, quoting <u>McKinley v. McKinley</u>

(2000), Athens App. No. 99CA52; see, also, <u>Randolph v. McCullough</u> (Sept. 21, 2000),

Mahoning App. No. 99CA161 (stating that "[e]ven in the absence of jurisdiction to

modify a property distribution, a trial court retains 'full power' to enforce the provisions

incorporated into a divorce decree").   Although a trial court has broad discretion to

clarify the terms of its previous decree, the court "may not vary from, enlarge, or

---

[2] 2010 H.B. 238, effective September 8, 2010 amended R.C. 3105.171(I) to provide that a court may modify a prior property division "upon the express written consent or agreement to the modification by both spouses."   Because the divorce and post-decree proceedings occurred before the effective date of this amendment, we apply the statute as it was previously written.

diminish the relief embodied in the final decree."   Knapp at ¶40; see, also, McKinley v. McKinley (2000), Athens App. No. 99CA52 ("[A] judgment entry in a divorce case that clarifies, but does not modify, the original property division is valid.   The court has broad discretion in clarifying the terms of its previous decree.") (internal citation omitted).   A court may construe an ambiguous decree, but it must enforce an unambiguous one as it is written.   Pierron, at ¶8, citing Parsons v. Parsons (1997), Jackson App. No. 96CA791.

{¶ 12} The initial determination of whether an ambiguity exists presents a question of law subject to a de novo review.   See Pierron at ¶8, citing Stewart v. Stewart (Dec. 22, 1992), Ross App. No. 92CA1885.   If an ambiguity exists, a trial court possesses discretion to clarify the intent of the agreement.   Id.; see, also, Bond v. Bond (1990), 69 Ohio App.3d 225, 227-228 ("The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved.   An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion.").   When no ambiguity exists, however, a trial court must enforce the decree as written.   Id., citing Stewart, and Latina v. Woodpath Development Co. (1991), 57 Ohio St.3d 212, 214, 567 N.E.2d 262.

{¶ 13} "'Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible of more than one interpretation.'"   Pierron at ¶9, quoting Lewis v. Mathes, 161 Ohio App.3d 1, 2005-Ohio-1975, 829 N.E.2d 318, at ¶19.   Mere silence on an issue or a failure to address it, however, does not create an ambiguity when none otherwise exists.   See Pierron at ¶10, citing Thomas v. Thomas (Apr. 26, 2001), Franklin App.

No. 00AP-541 ("[T]he divorce decree is not ambiguous because the trial court failed to award the defendant interest on her pension distribution when it could have done so."). Furthermore, "[i]nequity perceived in hindsight does not constitute an ambiguity and is irrelevant when interpreting the meaning of the terms of a decree." McGeorge v. McGeorge (May 22, 2001), Franklin App. No. 00AP-1151.

{¶ 14} A QDRO, or a COAP, "implements a trial court's decision of how a pension is to be divided incident to divorce or dissolution." Wilson v. Wilson, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, at ¶7. As such, it "is merely an order in aid of execution on the property division ordered in the divorce or dissolution decree." State ex rel. Sullivan v. Ramsey, 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214, at ¶19, quoting Bagley v. Bagley, 181 Ohio App.3d 141, 2009-Ohio-688, 908 N.E.2d 469, at ¶26. We therefore apply the same foregoing interpretive principles to the COAP at issue in the case at bar. Accordingly, the trial court possessed jurisdiction to interpret the COAP consistently with its divorce decree, but it may not interpret the COAP so as to change the relief granted in the decree.

{¶ 15} In the case at bar, the trial court appears to have believed that because appellant sought a modification of the property division, it therefore lacked jurisdiction to consider appellant's motion. We believe, however, that as a general matter, the court possessed jurisdiction to consider appellant's motion to determine whether the motion requested a clarification of an ambiguity in the decree of COAP. To this limited extent, therefore, we agree with appellant's first assignment of error. We do not agree, however, that the trial court should have modified the divorce decree or the COAP to

provide that appellee is only entitled to one-half the marital portion of appellant's pension.

{¶ 16} Nowhere in the trial court's divorce decree or in the COAP is it stated that appellee's share of the pension benefit is limited to the marital portion.   Both are silent on the issue.   Had the parties intended appellee's share to be limited to the marital portion, the decree and the COAP whould have used language to that effect.   Courts may not read terms into the decree or COAP.   While appellant may have possibly subjectively believed that appellee would receive only a marital portion of his pension, the decree and the COAP, which incorporated the parties' oral agreement regarding the division of appellant's pension benefits, reflects otherwise.   For these reasons, we reject appellant's argument that the trial court should have modified the decree or COAP to include a provision regarding survivorship benefits.

{¶ 17} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignment of error in part, overrule it in part, and affirm the trial court's judgment.                                                                                       JUDGMENT AFFIRMED.

Kline, J., concurring, in part, and dissenting, in part.

{¶ 18} I respectfully concur, in part, and dissent, in part.   "Pursuant to R.C. 3105.171(I), a trial court does not have jurisdiction to modify the division of property in a properly filed divorce decree."   *Schumann v. Schumann*, Cuyahoga App. No. 93382, 2010-Ohio-5472, at ¶44.   But "[i]f a property division order *is ambiguous* * * *, the trial

court may properly clarify its meaning without violating R .C. 3105.171(I)."   *McConnell v. McConnell*, Champaign App. No. 09-CA-43, 2010-Ohio-4757, at ¶24, citing *McKinney v. McKinney* (2001), 142 Ohio App.3d 604, 608 (emphasis added).   Therefore, I would hold that a finding of ambiguity is necessary to invoke the trial court's continuing jurisdiction to clarify a division of property.   As a corollary, when no ambiguities exist, no clarification is necessary, and the trial court does not have jurisdiction to revisit the property-division issue.   See, e.g., *Sullivan v. Sullivan*, Lucas App. No. L-09-1022, 2010-Ohio-3064, at ¶13 ("*If* a decree is ambiguous, a trial court has continuing jurisdiction to 'clarify and construe its original property division so as to effectuate its judgment.'") (emphasis added), quoting *Gordon v. Gordon* (2001), 144 Ohio App.3d 21, 24; *Thomas v. Thomas* (Apr. 26, 2001), Franklin App. No. 00AP-541 ("While a trial court is permitted to settle confusion over the interpretation of an ambiguous divorce decree, * * * the terms of this court's decree are not ambiguous, and are therefore not subject to interpretation. * * * [Accordingly, the] trial court's attempt to revisit the retirement distribution, * * * is outside of the bounds of its jurisdiction.") (internal citation omitted).

{¶ 19} Here, the trial court found that no ambiguities exist.   As the court noted, "The original intent of the parties is specifically set forth in the Order to allow a fifty percent division. * * * Nothing in the record indicates that the agreement did not reflect the intent of the defendant."   Judgment Entry at 4.   Because it found that no ambiguities exist, the trial court determined that it did not have jurisdiction to consider appellant's motion.   I agree with the trial court's finding.   See, generally,

*Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, at ¶20 ("A court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction.") (citation omitted). Thus, on appeal, I would first determine whether the divorce decree and COAP are ambiguous. Here, I agree that they are not. Then, based on that finding, I would find that the trial court lacked jurisdiction to clarify the original property division.

{¶ 20} Accordingly, I concur that the divorce decree and COAP are not ambiguous. I respectfully dissent, however, as to whether the trial court had jurisdiction to consider appellant's motion. Therefore, I would (1) fully overrule appellant's assignment of error and (2) affirm the judgment of the trial court.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment Only
Kline, J.: Concurs in Judgment & Opinion and Dissents in part with Opinion as to jurisdictional issue in Assignment of Error I

For the Court

BY:_____
William H. Harsha, Judge


BY:_____
Peter B. Abele, Judge


BY:_____
Roger L. Kline, Judge


## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.