[Cite as *Semmelhaack v. Semmelhaack*, 2013-Ohio-3568.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                      )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE     )

| | |
|---|---|
| ELEGRA K. SEMMELHAACK | C.A. No.      12CA0035 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| JOHN D. SEMMELHAACK | |
| Appellant | CASE No.      08-DI-0547 |

DECISION AND JOURNAL ENTRY

Dated: August 19, 2013

WHITMORE, Judge.

{¶1} Appellant, John Semmelhaack ("Husband"), appeals from the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, granting Appellee, Elegra Semmelhaack's, motion to enforce property division provisions. This Court reverses.

I

{¶2} Husband and Elegra Semmelhaack ("Wife") were married on July 10, 1982, and have two emancipated children from the marriage. On December 12, 2008, Husband and Wife filed a petition for dissolution of marriage and attached a proposed dissolution agreement. The court granted the petition on February 6, 2009, and incorporated the parties' agreement detailing the division of property.

{¶3} The dissolution agreement contains a section for retirement accounts and, within that, a subsection for pensions. The pension subsection lists only one account. The agreement states that "Husband has a vested interest in a pension provided through his employer, UPS, said

Plan being known as the UPS/IBT Full-Time Employee Pension Plan." Husband agreed to distribute to Wife 50% of the martial portion of this vested pension plan with UPS.

{¶4} To facilitate the transfer of the pension plan to Wife, a Qualified Domestic Relations Order ("QDRO") was prepared. The court signed the QDRO on June 18, 2010. Sometime thereafter, Wife learned that Husband's UPS pension benefits had been split into two separate plans, the Central States Southeast and Southwest Areas Pension Fund ("Central States Fund") and the UPS/IBT Full Time Employee Pension Plan ("Full Time Employee Plan"). The plan administrator required a QDRO for each of the two separate plans. Because a QDRO had already been submitted for the Full Time Employee Plan, Wife requested Husband execute a QDRO for the Central States Fund, but Husband refused. Husband asserted that there was no agreement to split the pension benefits in the Central States Fund.

{¶5} On September 14, 2011, Wife filed a "Motion to Enforce Division of Property Provisions." Wife requested the court order the Central States Fund be distributed in the same manner as the Full Time Employee Plan and require Husband to execute the necessary QDRO to effectuate the distribution.

{¶6} After receiving briefs from both sides, the magistrate recommended the court grant Wife's motion. Husband timely filed objections. The trial court overruled Husband's objections and entered judgment consistent with the magistrate's recommendations. Husband now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION ISSUING AN ORDER WHICH ESSENTIALLY MODIFIED THE ORIGINAL DECREE OF DISSOLUTION, MODIFYING THE PREVIOUS PROPERTY DIVISION[.]

{**¶7**}  In his first assignment of error, Husband argues that the trial court's order is an impermissible modification to the property division previously agreed to by the parties.

{**¶8**}  Absent written consent of the parties, "[a] trial court is without authority to modify a property division in a separation agreement which has been incorporated into a dissolution of marriage decree." *Bond v. Bond*, 69 Ohio App.3d 225, 227 (9th Dist.1990). "However, where there is good faith confusion over the requirements of the dissolution decree, the court has the power, and indeed the duty, to clarify the matter and resolve the dispute." *George v. George*, 9th Dist. Summit No. 18866, 1998, WL 663221, *2 (Sept. 23, 1998).

{**¶9**}  "Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it." *Bond*, 69 Ohio App.3d at 228. "An ambiguity is defined as doubtfulness or uncertainty; language which is open to various interpretations or having a double meaning; language which is obscure or equivocal." *Caldwell v. State*, 115 Ohio St. 458, 461 (1926). "The [trial] court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved, and a reviewing court will not reverse its interpretive decision absent an abuse of discretion." *Borzy v. Borzy*, 9th Dist. Medina No. 3185-M, 2001 WL 1545676, *2 (Dec. 5, 2001). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{**¶10**}  Additionally, the parties may agree to the trial court's continuing jurisdiction over a matter, provided they incorporate that agreement into the decree of dissolution. *See Colley v. Colley*, 43 Ohio St.3d 87 (1989), syllabus. Here, the parties agreed that the trial court would "retain jurisdiction over the parties relative to the adoption, amendment and enforcement of the

[QDRO] and the provisions as to [ ] Husband's pension plan as set forth in [the dissolution agreement]."

{¶11} The parties do not dispute that Husband's pension plan is a marital asset. "Pension or retirement benefits earned during the course of a marriage are marital assets and a factor to be considered in the division of property." *Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, ¶ 22, quoting *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 5. Instead, the parties dispute what pension funds they agreed to divide in the dissolution agreement.

{¶12} Wife, in a sworn affidavit, asserted that the parties agreed to equally divide Husband's vested pension benefits through his employer. At the time of the dissolution agreement, Wife understood his pension benefits to be contained in the Full Time Employee Plan. According to Wife, "in an effort to obtain the QDRO, it [had] become apparent that due to previously unknown labor negotiations with [Husband's] employer that his pension benefits may be split between two plans * * *." Wife does not specify when this split occurred, only that she was unaware of the Central States Fund at the time of the dissolution agreement. Further, Wife's affidavit only alleges that the pension *may* have been split between two plans.

{¶13} It is unclear from the record when Husband learned of the splitting of the pension plan. Disturbingly, Husband did not file an affidavit to inform the trial court of this important piece of information or to assure the court that he did not knowingly withhold this information from Wife during the dissolution agreement negotiations. Husband offers no explanation as to why, if the Central States Fund was not to be included in the property division, it was not expressly stated so in the dissolution agreement. Nevertheless, Husband argues that the

dissolution agreement is not ambiguous and that they only intended to divide his pension contained in the Full Time Employee Plan.

{¶14} Despite our suspicions that Husband has not been completely forthcoming in his dealings, we agree with him that the plain language of the dissolution agreement is not ambiguous. The agreement states that the parties intended to divide the marital portion of his Full Time Employee Plan. However, it should be noted that the parties agreed to split whatever assets were in that plan at the time of the agreement. Therefore, if the plan split into two after the agreement was entered into, the court's order would not be a modification of the agreement, but merely an enforcement of it.

{¶15} On the other hand, if the pension plan had already been split at the time of the agreement, the court could not add this account into the dissolution agreement. In that instance, the appropriate action would be a relief from judgment either based on Husband's fraud or mutual mistake. We note that these arguments were not made to the trial court, and therefore, they are not currently at issue in this appeal.

{¶16} Because there is no information in the record for us to determine the status of Husband's pension fund at the time of the dissolution agreement, we must reverse and remand. Husband's first assignment of error is sustained. The matter is remanded for the trial court to determine what assets were included in the Full Time Employee Plan at the time of the dissolution agreement.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ERRED IN ITS DECISION ISSUING AN ORDER DIVIDING HUSBAND'S CENTRAL STATES PENSION PLAN AS THAT ORDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

**{¶17}** In his second assignment of error, Husband argues that the court's order dividing the Central States Fund is against the manifest weight of the evidence. In light of our resolution of his first assignment of error, this argument is not yet ripe for review.

III

**{¶18}** Husband's first assignment of error is sustained. His second assignment of error is not ripe for review. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

MOORE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶19} As I agree that this matter should be remanded to the trial court for determination of the status of Husband's pension at the time the separation agreement was created, I concur in the judgment of the Court.

APPEARANCES:

DAVID L. MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellant.

KEVIN W. DUNN, Attorney at Law, for Appellee.