[Cite as *Kalbaugh v. Kalbaugh*, 2017-Ohio-4272.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEBORAH KALBAUGH

    Appellee

    v.

WILLIAM KALBAUGH

    Appellant

C.A. No.     28282

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-1994-10-2283

DECISION AND JOURNAL ENTRY

Dated: June 14, 2017

TEODOSIO, Judge.

{¶1}    Appellant, William H. Kalbaugh, appeals from the judgment of the Summit County Court of Common Pleas Domestic Relations Division entered on June 3, 2016, ruling on objections to the magistrate's decision of January 19, 2016.  We affirm.

I.

{¶2}    On November 16, 1995, Mr. Kalbaugh and Deborah L. Kalbaugh entered into a divorce decree, which, in pertinent part, provided for the equal division of Mr. Kalbaugh's pension plan: the Police and Fireman's Disability and Pension Fund of Ohio.  On August 26, 1996, the trial court issued a judgment entry ordering the division of the pension fund utilizing a traditional coverture fraction based upon the fund's value at retirement.  The entry was signed and approved by the attorney for Ms. Kalbaugh, while the signature line for Mr. Kalbaugh's attorney states: "Seen, but not approved."

{¶3}     In June 2015, Ms. Kalbaugh filed a motion to enforce the decree as to the pension fund and requested a division of property order, and in August 2015 Mr. Kalbaugh filed a motion to dismiss the motion to enforce.  On January 19, 2016, a magistrate's decision granted Ms. Kalbaugh's motion to enforce and ordered the parties to submit a division of property order based upon the terms of the August 1996 judgment entry.  Mr. Kalbaugh filed his objections to the magistrate's decision, and on June 3, 2016, the trial court issued a judgment entry overruling his objections and adopting the magistrate's decision.  This appeal followed.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR IN ADOPTING THE MAGISTRATE'S DECISION THAT WAS IMPROPERLY BASED ON A VOID AND UNENFORCEABLE JUDGMENT ENTRY THAT THE TRIAL COURT HAD NO JURISDICTION TO ISSUE, RATHER THAN ON THE PARTIES' AGREED DIVORCE DECREE.

{¶4}     Mr. Kalbaugh argues that the trial court erred in adopting a magistrate's decision that divided his pension benefits pursuant to a void judgment entry that impermissibly modified the property division as agreed upon in the divorce decree.  We disagree.

{¶5}     Pension benefits accumulated during marriage are properly considered marital assets and are subject to property division in a divorce settlement.  *Erb v. Erb*, 75 Ohio St.3d 18, 20 (1996).  "A trial court is without authority to modify a property division in a separation agreement which has been incorporated into a dissolution of marriage decree."  *Bond v. Bond*, 69 Ohio App.3d 225, 227 (9th Dist.1990).  "We recognize that a court has no jurisdiction to modify an order dividing the marital property."  *Sullivan v. Hallagan*, 9th Dist. Medina Nos. 2282-M, 2322-M, 1995 WL 39408, *4 (Feb. 1, 1995).  However, "[w]here there is good faith confusion over the requirements of the dissolution decree, a court has the power to enforce its decree, to

hear the matter, clarify the confusion, and resolve the dispute." *Bond* at 228. "In order to interpret a provision in a separation agreement, the trial court must first correctly determine that the provision is ambiguous." *George v. George*, 9th Dist. Summit No. 18866, 1998 WL 663221, *3 (Sept. 23, 1998). Where a clause in the divorce decree is ambiguous, a court "has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved." *Bond* at 228.

{¶6} The primary question in this case is whether the trial court's order of August 26, 1996, impermissibly modified the property division as set forth in the divorce decree entered on November 16, 1995. However, before engaging in that analysis, we must determine whether this court may consider the merits of that argument by addressing the preliminary issue of the jurisdiction of the trial court to enter the August 1996 order. Mr. Kalbaugh asks this Court to declare the August 1996 order void and unenforceable because the trial court was without jurisdiction to enter the order. Mr. Kalbaugh further argues that because the August 1996 order was entered without jurisdiction, it may be challenged at any time.

{¶7} The Supreme Court of Ohio has defined "jurisdiction" as the courts' statutory or constitutional power to adjudicate a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. "Jurisdiction" includes both "jurisdiction over the subject matter and over the person." *Id*. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id*. It is a condition precedent to the court's ability to hear a case, and if a court acts without subject matter jurisdiction or personal jurisdiction, then any proclamation by that court is void. *Id*. "'Subject-matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case.'" *Children's Hosp. v.*

*Paluch*, 9th Dist. Summit No. 26189, 2012–Ohio–4137, ¶ 30, quoting *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998).

{¶8}   The term "jurisdiction" is also used to refer to a court's exercise of authority over a particular case within the class of cases that is under the court's subject matter jurisdiction. *Pratts* at ¶ 12.  If a court enters judgment without having subject matter jurisdiction, that judgment is void; however, lack of jurisdiction over a particular case merely renders the judgment voidable.  *Id.*  In other words, if a trial court improperly exercised its jurisdiction, any defect in judgment would be voidable, not void.  *Paluch* at ¶ 31.

{¶9}   A voidable decision by the trial court "may be reversed if challenged on appeal. However, if a timely appeal is not taken, the decision stands and it is valid and binding." *Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 WL 727531, *2, quoting *Huebner v. Scott*, 12th Dist. Madison No. CA92-06-014, 1992 WL 340964.  "After the thirty day time for the appeal of a judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civil Rule 60.  If the judgment was voidable and not appealed, it is not a mere nullity, it cannot be disregarded, it cannot be attacked collaterally, and it remains in full force and effect."  *Eisenberg v. Peyton*, 56 Ohio App.2d 144, 151 (8th Dist.1978).

{¶10} As a domestic relations court, the trial court in this matter had subject-matter jurisdiction over the case, and the parties do not argue otherwise.  The court did not lose *subject-matter jurisdiction* by entering the initial divorce decree.  Therefore, even if the August 1996 order was an impermissible modification of the divorce decree, it was not a void order, but merely voidable as an improper exercise of jurisdiction.  As such, the time for appealing the order passed after thirty days of its entry.  Because Mr. Kalbaugh did not file his notice of appeal within thirty days of its entry upon the journal, this Court cannot now consider the merits of his

arguments with regard to that entry. *Metro. Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003–Ohio–1138, ¶ 15; *see also* App.R. 4(A)(1).

**{¶11}** We turn now to the issue of the magistrate's decision. "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009–Ohio-3788, ¶ 5. However, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049–M, 2009–Ohio–3139, ¶ 18. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "An abuse of discretion is found when the trial court is unreasonable or acts in a manner contrary to law or without evidentiary support." *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 57.

**{¶12}** Mr. Kalbaugh's argument that the trial court erred in adopting the magistrate's decision is premised upon the theory that the August 26, 1996, order was void, and therefore unenforceable, for lack of jurisdiction. Because we have determined that the order was not void, Mr. Kalbaugh's argument must fail. As we noted above, because the judgment was voidable and not appealed, it remains in full force and effect." *See Eisenberg*, 56 Ohio App.2d at 151. The magistrate, therefore, did not err in referencing the August 1996 order in her decision. Likewise, the trial court did not abuse its discretion in adopting the magistrate's decision.

**{¶13}** For the reasons set forth above, Mr. Kalbaugh's assignment of error is overruled.

III.

**{¶14}** The judgment of the Summit County Court of Common Pleas Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

J. ANTHONY TERILLA, Attorney at Law, for Appellant.

MELISSA GRAHAM-HURD, Attorney at Law, for Appellee.