[Cite as *Woronka v. Woronka*, 2011-Ohio-498.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| VALERIE WORONKA | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00193 |
| WILLIAM WORONKA | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Domestic Relaltions Division, Case No. 2006-DR-1016

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     January 31, 2011

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

EUGENE GILLIS
1592 Windcrest Street N.W.
North Canton, OH 44720

EUGENE O'BYRNE
101 Central Plaza South
Suite 500
Canton, OH 44702

*Gwin, P.J.*

{¶1} Defendant-appellant William J. Woronka appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which construed the separation agreement appellant entered into with plaintiff-appellee Valerie Woronka. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE SEPARATION AGREEMENT, WHICH WAS ADOPTED BY THE PARTIES AND INCORPORATED BY THE COURT."

{¶3} The record indicates the parties ended their marriage in October, 2006, and executed a separation agreement. The agreement provided in pertinent part: "11. Husband and Wife consent and agree that Wife is to receive one-half of IBEW 401(K) by use of a Qualified Domestic Relations Order (QDRO)."

{¶4} On June 17, 2010, the court conducted a hearing on a request for clarification of the QDRO and the divorce decree. The trial court found the attorney representing the company clarified that appellant's IBEW pension account is a Security Plan Pension, and that a separate 401(K) Plan exists, but it has no value. The court found the pension accrued during the marriage and has an approximate value of $30,000.

{¶5} The trial court stated it lacks authority to modify the division of marital property contained in the final decree, but it does have the power to clarify and construe the property division in order to effectuate its judgment. The court found the parties clearly contemplated an equal division of the marital portion of the pension. The court found the decree incorrectly referred to the pension as a 401 (K) rather than

the Security Plan. The court clarified the 2006 decree to require an equal division of the marital portion of appellant's IBEW Security Plan through means of a QDRO.

{¶6} Unfortunately, the beginning of the hearing was conducted off the record, and the documents and transcript before us contain little information. The transcript refers to correspondence between the parties' counsels which was not offered into evidence and is not part of the record on appeal.

{¶7} Appellant concedes the trial court had jurisdiction to clarify and construe the original property division, but argues the court's order does not construe the original property division, but rather modifies it. The trial court cited our decision in *Schneider v. Schneider,* Stark App. No. 2009-CA-00090, 2010-Ohio-534. In *Schneider,* the divorce decree awarded the ex-wife 50% of the marital portion of the ex-husband's accrued benefits in a pension, but when the ex-husband retired he discovered appellee was receiving one-half of the entire pension, not one-half of the portion earned during the marriage.

{¶8} The trial court found the ex-wife was entitled to one-half of the total pension. This court disagreed. We cited *Bond v. Bond* (1990), 69 Ohio App. 3d 225, which states a trial court has broad discretion in clarifying ambiguous language considering not only the intent of the parties, but the equities involved. We found the divorce decree stated it divided the marital assets and the marital property, and therefore the benefits to which the ex-wife was entitled must be determined by the amount of time the parties were married.

{¶9} Appellant cites us to *Ruthrauff v. Ruthrauff,* Stark App. No. 2009-CA-00191, 2010-Ohio-887. In *Ruthrauff,* the parties' separation agreement provided for

equal distribution of the husband's retirement benefits from U.S. Army. The decree was granted in 1985. When the ex-husband retired from the military in 2003, the ex-wife began receiving half of the total benefits. The trial court found the terms of the separation agreement were clear and unambiguous, and refused to modify the award. We found if the language of a written instrument is clear and unambiguous, the interpretation of the instrument is a matter of law and the court must determine the intent of the parties using only the language employed. *Ruthrauff* at paragraph 12, citations deleted.

{¶10} This court agreed with the trial court the language in the separation agreement was unambiguous. It stated the husband and wife intended to settle, inter alia, "the past, present and future support of the wife ***" The separation agreement also provided the wife would share "any" retirement benefits the husband may be entitled to receive from the U.S. Army. It did not specify she was to receive half of the marital portion of the pension.

{¶11} On review, this court found the parties' agreement treated the retirement benefit as support for the ex-wife. We concluded the trial court did not err in refusing to alter the decree. We acknowledged the ruling appears to be contrary to *Schneider,* supra, but found it was distinguishable because of the specific language of the respective agreements.

{¶12} In the case before us, the decree states the parties' intent to settle all their property rights and interest, both temporary and permanent. Separation agreement, Page 1. The final paragraph of the decree states that both parties are fully cognizant and aware of the property and assets of the other party and understand the

significance of the agreement.  The separation agreement does not refer to the IBEW Security Plan at all, and it does not list the value of the 401(K).

{¶13}  The trial court found the decree incorrectly referred to appellant's pension as a 401(K) and the parties intended to divide the Security Plan funds.  We do not agree. The record contains no evidence the parties intended to divide the Security Plan funds. If there had been no 401 (K) plan, then the language would be ambiguous and the court could have determined what the agreement referred to, but here, there is a 401 (K) account, even though it is unfunded.

{¶14} We find the language in the separation agreement to be clear and unambiguous.  The separation agreement refers to the parties' 401 (K) plan, and the trial court's decision substituting the Security Plan of a 401 (K) plan was a modification, not a clarification. We find the trial court abused discretion in finding the parties intended to split the Security Plan funds rather than the 401 (K) plan funds.

{¶15}  The assignment of error is sustained.

**{¶16}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J., and

Wise, J., concur;

Farmer, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0112

*Farmer, J., dissenting*

{¶17} I respectfully dissent from the majority's opinion because of the state of the record in this case. Pursuant to *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, we should presume the validity of the trial court's proceedings.

{¶18} As noted by the majority in ¶6, the beginning of the hearing was held off the record. This leaves open the following issues:

{¶19} (1) Was the 401(K) in existence at the time of the divorce?

{¶20} (2) Where the monies of the 401(K) transferred into the Security Plan Pension?

{¶21} We might guess at the actual happenings by reading between the lines of the trial court's findings of fact contained in its June 21, 2010 judgment entry:

{¶22} "***The parties received a divorce on August 14, 2006 which adopted a Separation Agreement entered into between the parties. The Separation Agreement provides, 'Husband and Wife consent and agree that Wife is to receive 1/2 of IBEW 401K by use of a Qualified Domestic Relations Order (QDRO).' Attorney Piatt clarified that the IBEW pension held to the benefit of the Defendant is a Security Plan pension and that a separate 401(K) plan exists without any value. The Defendant acknowledges that the pension accrued during the marriage and has an approximate value of $30,000."

{¶23} Without any clarification via an App.R. 9(C) statement, I would affirm the trial court's decision pursuant to *Knapp,* supra.

_____
HON. SHEILA G. FARMER

[Cite as *Woronka v. Woronka*, 2011-Ohio-498.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VALERIE WORONKA | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM WORONKA | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-00193 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE