[Cite as *Woronka v. Woronka*, 2012-Ohio-1184.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| VALERIE A. WORONKA | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011CA00091 |
| | : | |
| | : | |
| WILLIAM J. WORONKA | : | O P I N I O N |
| | | |
| Defendant-Appellee | | |



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2006-DR-01016 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 12, 2012 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant | For Defendant-Appellee |
| EUGENE G. GILLIS | EUGENE D. O'BYRNE, ESQ. |
| 1594 Windcrest Street, N.W. | 101 Central Plaza, South, Ste. #500 |
| North Canton, Ohio 44720 | Canton, Ohio 44702 |

*Edwards, J.*

{¶1}  Plaintiff-appellant, Valerie Woronka, appeals from the April 4, 2011, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, denying her Motion to Show Cause.

## STATEMENT OF THE FACTS AND CASE

{¶2}  On August 14, 2006, appellant Valerie Woronka and appellee William Woronka filed a Petition for Dissolution of Marriage.  The Separation Agreement that was filed the same date stated, in paragraph 11, as follows: "Husband and Wife consent and agree that Wife is to receive ½ of IBEW 401K by use of a Qualified Domestic Relations Order (QDRO)."

{¶3}  On August 14, 2006, appellant also filed a Financial Statement Affidavit in which she listed appellee's IBEW 401K as having a value of $32,118.60. Appellee, on October 2, 2006, filed an affidavit in which he stated that he had reviewed the Financial Statement Affidavit that was filed with the trial court and found it to be accurate.  A Decree of Dissolution incorporating the parties' Separation Agreement was filed on October 3, 2006.

{¶4}  After problems arose involving the QDRO, a hearing regarding clarification of the QDRO was scheduled for June 17, 2010. At the hearing, a representative of IBEW Local 540 Security Plan clarified that appellee's IBEW pension plan was a Security Plan pension and that a separate 401(K) plan existed, but had no value. Appellee acknowledged that the pension accrued during the marriage had an approximate value of $30,000.00.

{¶5} The trial court, as memorialized in a Judgment Entry filed on June 21, 2010, stated, in relevant part, as follows: "In referring to the husband's pension benefits, the parties clearly contemplated an equal division of the martial portion of the pension. The decree incorrectly referred to the pension as a 401(K) rather than as a Security Plan. The decree issued on August 14, 2006, (sic) is ordered clarified to require an equal division of the marital portion of the Defendant's IBEW security plan through a QDRO."

{¶6} Appellee appealed from the trial court's June 21, 2010 Judgment Entry, arguing that the trial court had abused its discretion in modifying the Separation Agreement. Pursuant to an Opinion filed on January 31, 2011 in *Woronka v. Woronka*, 5th Dist. No. 2010-CA-00193, 2011-Ohio-498, this Court agreed, finding that the trial court had abused its discretion in finding that the parties intended to split appellee's security plan rather than the separate 401(K) plan. In our Opinion reversing the judgment of the trial court and remanding the matter, this Court stated, in relevant part, as follows: "In the case before us, the decree states the parties' intent to settle all their property rights and interest, both temporary and permanent. Separation agreement, Page 1. The final paragraph of the decree states that both parties are fully cognizant and aware of the property and assets of the other party and understand the significance of the agreement. The separation agreement does not refer to the IBEW Security Plan at all, and it does not list the value of the 401(K).

{¶7} "The trial court found the decree incorrectly referred to appellant's pension as a 401(K) and the parties intended to divide the Security Plan funds. We do not agree. The record contains no evidence the parties intended to divide the Security Plan funds.

If there had been no 401(K) plan, then the language would be ambiguous and the court could have determined what the agreement referred to, but here, there is a 401(K) account, even though it is unfunded.

{¶8} "We find the language in the separation agreement to be clear and unambiguous. The separation agreement refers to the parties' 401(K) plan, and the trial court's decision substituting the Security Plan of a 401(K) plan was a modification, not a clarification. We find the trial court abused its discretion in finding the parties intended to split the Security Plan funds rather than the 401(K) plan funds." Id at paragraphs 12-14.

{¶9} Upon remand, the trial court, pursuant to a Judgment Entry filed on February 2, 2011, vacated its June 17, 2010 Judgment Entry. The trial court, in its Judgment Entry, noted that, in accordance with this Court's Opinion, "the 2006 divorce decree and Separation Agreement is clear and ambiguous in limiting the Plaintiff's marital interest to the IBEW 401(K) which has no value. As such, no QDRO is necessary."

{¶10} On March 2, 2011, appellant filed a Motion to Show Cause, asking that appellee be found in contempt of the trial court's orders. Appellant, in her motion, argued that appellee knew, or should have known, that his 401(K) plan did not have any funds in it and that his funds were in a different pension plan and that appellee had "fought, delayed, obstructed failed to disclose, defrauded and utilized the Court system to keep [appellant] from getting her interest in the pension." The trial court, via a Judgment Entry filed on April 4, 2011, denied such motion and declined to find appellee in contempt.

{¶11} Appellant now raises the following assignment of error on appeal:

{¶12} "THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFF/APPELLANT'S MOTION TO SHOW CAUSE WHY THE DEFENDANT/APPELLEE SHOULD NOT BE HELD IN CONTEMPT, AS DEFENDANT/APPELLEE COMMITTED FRAUD IN BOTH HIS FINANCIAL AFFIDAVIT AND THE SEPARATION AGREEMENT TO THE DETRIMENT OF THE PLAINTIFF/APPELLANT."

I

{¶13} Appellant, in her sole assignment of error, argues that the trial court erred in not granting her Motion to Show Cause why appellee should not be held in contempt. Appellant specifically contends that appellee committed fraud in both his financial affidavit and the Separation Agreement.

{¶14} "To support a contempt finding, the moving party must establish, by clear and convincing evidence, the existence of a valid court order, that the offending party had knowledge of the order and that the offending party violated such order." *Hueber v. Hueber,* 12th Dist. Nos. CA2006–01–004, CA2006–02–019, CA2006–02–020, 2007–Ohio–913, ¶ 16. Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Hagan v. Hagan,* 5th Dist. No. 2009CA00148, 2010–Ohio–540, ¶ 12, citing *In re Mittas,* 5th Dist. No. 1994CA00053, 1994 WL 477799 (Aug. 6, 1994).

{¶15} In the case sub judice, appellant maintains that appellee should have been held in contempt because she was denied her one-half interest in appellee's retirement accounts, thereby denying appellant her fair share of the marital property.

Appellant contends that paragraph 11 of the parties' Separation Agreement entitled her to the same.

**{¶16}** As is stated above, the Separation Agreement that was incorporated into the October 3, 2006 Decree stated, in paragraph 11, as follows: "Husband and Wife consent and agree that Wife is to receive ½ of IBEW 401K by use of a Qualified Domestic Relations Order (QDRO)." However, as discussed in the facts, the 401(K) is unfunded and appellee's IBEW pension plan is a Security Plan pension rather than a 401(K). There is no court order entitling appellant to one-half of appellee's Security Plan pension. Appellee, therefore, could not be held in contempt of a non-existent order.

**{¶17}** Appellant's sole assignment of error is, therefore, overruled.

**{¶18}** Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

                                    JUDGES

JAE/d1212

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VALERIE A. WORONKA | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM J. WORONKA | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011CA00091 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES